## Oliver Besley
## v.
## John Dumas.

1. Contract—Novation.—Where a person contracting with another agrees to accept an order on a third person as part payment, and such order was drawn and accepted by the drawees, the original debtor will, in the absence of fraud, be discharged from liability therefor to the creditor.

2. Fraud in Procuring the Novation—Form of Action.—If it were true that the creditor was induced to accept a third party as payment, by the fraudulent misrepresentations of the debtor, he cannot, upon a partial failure of payment by such third party, recover the balance from the original debtor in an action in *indebitatus assumpsit*. He cannot rescind the contract without returning what he has already received thereon.

Appeal from the County Court of Cook county; the Hon. Mason B. Loomis, Judge, presiding. Opinion filed April 27, 1880.

This was an action of assumpsit brought by appellee, John Dumas, against appellant, Oliver Besley, to recover for labor and services and materials furnished by appellee in and about the building a house for appellant. The declaration contains only the common counts in *indebitatus assumpsit*, to which there was a plea of the general issue, with notice of set-off. Appellee had a verdict and judgment in the court below, for $240.30, and appellant brings the case here for review.

Mr. George Scoville, for appellant; that if appellee ever had the right to rescind the contract he lost it by not exercising it in due time, cited 2 Parsons on Contracts, 677; Mason

v. Bovet, 1 Denio, 69; Wheaton v. Bolar, 14 Barb. 594; Mann v. Worral, 16 Barb. 221; Kingsley v. Wallace, 14 Me. 57; Holbrook v. Bent, 22 Pick. 546.

Plaintiff's remedy was for a breach of contract: Hunt v. Silk, 5 East. 249; Norton v. Young, 8 Greenl. 30.

A party seeking to set aside a contract should be held to make out a clear case: Ogilvie v. Knox Ins. Co. 22 How. 390.

Mr. M. L. KNIGHT, for appellee; as to what constitutes fraud, cited McConnel v. Wilcox, 1 Scam. 344; Lockridge v. Foster, 4 Scam. 569.

A party defrauded may rescind the contract or recover on a *quantum meruit:* Edmunds v. Hildreth, 16 Ill. 214; Prevo v. Walters, 4 Scam. 35.

WILSON, J. The evidence disclosed a contract in writing, by the terms of which appellee agrees to do the work and furnish the materials for making certain specified alterations in appellant's house. The contract provides that Dumas was to be paid as follows: "$100 when the brick work is finished and the roof is on, and $75 when the contract is completed. The above $175 to be paid by said Besley and no more. $325 is to be paid in mill work by McDougal & McKinley out of their mill, and said Dumas agrees to take said McDougal & McKinley for this amount as per agreement with them, and to release said Besley from all liability for that sum, and to waive all right to a mechanic's lien on the lot and building."

The two items of $100 and $75 were paid by appellant at or before the time stipulated, and two orders aggregating $325 were drawn by him on McDougal & McKinley, in favor of Dumas; which were accepted by the drawees December 26, 1877, and were delivered to Dumas pursuant to the terms of the contract. On the back of these orders was an indorsement signed by Dumas, stating that they were received in payment of his contract with Besley, and that they were to be without recourse on Besley, as per agreement with him. After receiving the orders, Dumas got mill work on them of McDougal & McKinley to the amount of $97, when they failed. Subsequently, and in

Besley v. Dumas.

March, 1878, Dumas offered to return the orders to Besley, and asked him to pay the money on them, claiming that Besley had deceived him in relation to the solvency of McDougal & McKinley, and upon Besley's refusal to pay, this suit was brought.

An examination of the evidence satisfies us that there was an entire failure on the part of appellee to sustain the charge of fraud on the part of appellant in obtaining the execution of the contract. Appellant expressly refused to guarantee the solvency of McDougal and McKinley, or to become in any way responsible for the payment of the orders, and told appellee he could inquire of others and satisfy himself on that subject. Moreover, the testimony satisfactorily shows that at that time McDougal and McKinley were in good credit, lumbermen, hardware dealers, and others with whom they dealt, trusting them with any amount they needed.

But if the fact were otherwise, and assuming it to be true that appellee was induced to enter into the contract by the fraudulent misrepresentations of appellant, and that he was injured thereby, he has entirely misconceived his remedy in the form of action which he has adopted. It is a familiar principle that a party cannot rescind his contract without returning to the other party whatever he has received under it. He must place the other party in the same position he occupied at the time the contract was entered into. This appellee has not done. He received on the contract $175 from appellant, and $97 from McDougal and McKinley on the orders; and now, without returning what he has received, brings an action of assumpsit to recover on a *quantum meruit* for labor and materials, irrespective of the contract; thus attempting to avail himself of the benefit of the contract for one purpose, and to avoid it for another. A party cannot affirm a contract in part and avoid it as to the residue. He must rescind it *in toto* or not at all.

These principles are elementary, and require the citation of no authorities. If appellee is entitled to any redress, his remedy is by an action on the special contract, or by an action on the case for fraud and deceit.

The case is directly within the principle of Hunt v. Silk, 5

East 249. There A agreed in consideration of £10 to let a house to B, which A was to retain and execute a lease of in ten days, but B was to have immediate possession, and in consideration thereof was to execute a counterpart and pay rent. B took possession and paid the £10 immediately, but A neglected to execute a lease, and make the repairs beyond the period of ten days, notwithstanding which B still continued in possession. The court held that B could not, by quitting the house for the default of A, rescind the contract and recover back the £10 in an action for money had and received, but only declare for a breach of the special; contract on the ground that a contract cannot be rescinded by one party for the default of the other, unless both parties can be put *in statu quo* as before the contract, and B had had an intermediate possession under the contract.

The principle decided in that case has been recognized uniformly in subsequent cases, and is decisive of the present suit. We are therefore of opinion that both upon the law and the facts appellee was not entitled to recover, and the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.